[No. B211713. Second Dist., Div. One. Dec. 22, 2009.]

FULL THROTTLE FILMS, INC., Plaintiff and Appellant, v. NATIONAL MOBILE TELEVISION, INC., Defendant, WACHOVIA CAPITAL FINANCE CORPORATION, Third Party Claimant and Respondent.

**COUNSEL**

Law Offices of Hemar Rousso & Heald, Jeannine Del Monte Kowal and Irwin M. Wittlin for Plaintiff and Appellant.

Levene, Neale, Bender, Rankin & Brill, Beth Ann R. Young, Michelle S. Grimberg and Krikor J. Meshefejian for Third Party Claimant and Respondent.

**OPINION**

**ROTHSCHILD, J.**—Plaintiff Full Throttle Films, Inc. (Full Throttle), obtained a writ of attachment and levied on certain deposit accounts of defendant National Mobile Television, Inc. (National Mobile). Third party claimant Wachovia Capital Finance Corporation (Wachovia Capital) applied for release of the levied property, claiming a superior security interest in the subject deposit accounts. The trial court granted Wachovia Capital's application and quashed the levy. Full Throttle appeals, and we reverse.

## BACKGROUND

On July 23, 2008, Full Throttle filed suit against National Mobile, seeking to collect an allegedly unpaid balance of $416,399.48 due under a rental agreement. On August 8, 2008, Full Throttle applied for a right to attach order and an order for issuance of a writ of attachment. The application was to be heard on September 19, 2008.

On August 25, 2008, as a result of certain alleged further developments concerning National Mobile's business and finances, Full Throttle applied ex parte for a right to attach order and an order for issuance of a writ of attachment. On the same day, the trial court granted the application (and Full Throttle voluntarily took its previous application off calendar). On August 26, 2008, a writ of attachment issued "for any property of a defendant who is not a natural person for which a method of levy is provided."

On September 10, 2008, Wachovia Capital filed an ex parte application for release of levied property or, in the alternative, for an order shortening time for a hearing on an application for release of levied property. The court granted the application for an order shortening time and calendared the application for release of levied property to be heard on September 22, 2008. Full Throttle filed written opposition to the application for release of levied property, and Wachovia Capital filed a reply.

In support of the application, Wachovia Capital submitted evidence that Full Throttle had levied on $429,110.79 held in a deposit account (or deposit accounts) of National Mobile's at Wachovia Bank.[1] The evidence further showed that a loan agreement between Wachovia Capital and National

---

[1] It is undisputed that Wachovia Capital and Wachovia Bank are distinct entities.

Mobile provides that Wachovia Capital holds "a continuing security interest in . . . all personal and real property and fixtures and interests in property and fixtures" of National Mobile, including "all deposit accounts." Wachovia Capital also submitted copies of two "control agreements" (dated May 30, 2008, and Mar. 20, 2008, respectively) concerning two National Mobile deposit accounts at Wachovia Bank. Each control agreement states that "the arrangements established under this [a]greement constitute 'control' of each [identified deposit account]" within the meaning of "Article 9 of the Uniform Commercial Code as adopted by the State of California." In addition, Wachovia Capital submitted copies of several Uniform Commercial Code financing statements that Wachovia Capital had filed with the Delaware Department of State, stating that Wachovia Capital held a security interest in all "property and assets" of National Mobile, including "all deposit accounts."

On September 22, 2008, the trial court heard and granted Wachovia Capital's application for release of levied property. The court's order provides that Full Throttle "is not entitled to levy on any property which is subject to [Wachovia Capital's] security interest as identified in the [Uniform Commercial Code financing statements]," meaning, in effect, that Full Throttle could not levy on any of the "property and assets" of National Mobile. The order further provides that "[t]he [l]evy on Wachovia Bank is hereby quashed" and "[t]he property which is subject to the [l]evy at Wachovia Bank is hereby released."

Full Throttle timely appealed.[2]

## DISCUSSION

Full Throttle contends that the trial court's order must be reversed because it is not supported by substantial evidence. We agree.

■ Having obtained a writ of attachment and a right to attach order and having levied on the deposit accounts, Full Throttle became a lien creditor within the meaning of the California Uniform Commercial Code. (Cal. U. Com. Code, § 9102, subd. (a)(52)(A)(i) [the term "lien creditor" includes "[a] creditor that has acquired a lien on the property involved by attachment, levy, or the like"].)[3] Subject to an exception not applicable here, subdivision (a)(2)

---

[2] The trial court's order is appealable as an order discharging an attachment. (Code Civ. Proc., § 904.1, subd. (a)(5).)

[3] All subsequent statutory references are to the California Uniform Commercial Code unless otherwise indicated.

of section 9317 provides that a "security interest . . . is subordinate to the rights of . . . [¶] . . . [¶] . . . a person that becomes a lien creditor before the earlier of the time the security interest . . . is perfected, or one of the conditions specified in paragraph (3) of subdivision (b) of [s]ection 9203 is met and a financing statement covering the collateral is filed." Thus, in order to prevail on its third party claim, Wachovia Capital bore the burden of proving that before Full Throttle became a lien creditor, Wachovia Capital either (1) perfected its security interest in the deposit account (or deposit accounts) on which Full Throttle levied, or (2) met one of the conditions specified in subdivision (b)(3) of section 9203 *and* filed a financing statement covering the deposit accounts on which Full Throttle levied. (Code Civ. Proc., § 720.360 [third party claimant bears burden of proof as to validity of claim].) The record contains no evidence proving either of those alternatives.

### 1. No Evidence of a Perfected Security Interest

"A security interest in a deposit account may be perfected only by control under [s]ection 9314." (§ 9312, subd. (b)(1).) Subdivision (b) of section 9314 provides that a "security interest in deposit accounts . . . is perfected by control under" section 9104. Under subdivision (a) of section 9104, "[a] secured party has control of a deposit account if any of the following conditions is satisfied: [¶] (1) The secured party is the bank with which the deposit account is maintained. [¶] (2) The debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor. [¶] (3) The secured party becomes the bank's customer with respect to the deposit account."

It is undisputed that subdivision (a)(1) and (3) of section 9104 do not apply. Wachovia Capital (the secured party) is not the bank with which the deposit account is maintained, and Wachovia Capital has not become the bank's customer with respect to the deposit account. Thus, for Wachovia Capital to prove that it had perfected its security interest it had to prove that section 9104, subdivision (a)(2) applies *to the deposit accounts on which Full Throttle levied,* i.e., Wachovia Capital had to prove that National Mobile, Wachovia Capital, and Wachovia Bank had agreed in an authenticated record that Wachovia Bank would comply with Wachovia Capital's instructions

directing disposition of the funds *in the deposit accounts on which Full Throttle levied* without further consent by National Mobile.

The record contains no evidence of such an agreement, because the record contains no evidence identifying the deposit account or deposit accounts on which Full Throttle levied. By their terms, the control agreements introduced by Wachovia Capital apply only to two specific deposit accounts, which are identified by their account numbers. Because no evidence in the record identifies the deposit accounts on which Full Throttle levied, no evidence in the record shows that the control agreements apply to those deposit accounts. The record consequently contains no evidence to support the trial court's finding that Wachovia Capital holds a perfected security interest in the accounts on which Full Throttle levied.

We note that counsel for Wachovia Capital stated the following at the September 22 hearing: "I don't have any information that there are any other accounts other than these." Counsel's unsworn statement that she had no "information" that there were other accounts does not constitute evidence, substantial or otherwise, that there are no such accounts. (*Doe v. United Air Lines, Inc.* (2008) 160 Cal.App.4th 1500, 1509, fn. 7 [73 Cal.Rptr.3d 541].)

For all of the foregoing reasons, we conclude that the record contains no evidence that Wachovia Capital holds a perfected security interest in the deposit account or deposit accounts on which Full Throttle levied. We wish to emphasize that we do *not* hold that Wachovia Capital does *not* hold a perfected security interest in the relevant deposit account or deposit accounts. We hold only that the record, as yet, contains no evidence that Wachovia Capital *does* hold such an interest.

### 2. No Evidence of a Uniform Commercial Code Financing Statement Filed in the Correct State

Because the record contains no evidence that Wachovia Capital holds a perfected security interest in the deposit accounts on which Full Throttle levied, we can affirm the trial court's order only if the record contains substantial evidence that Wachovia Capital met one of the conditions specified in subdivision (b)(3) of section 9203 *and* filed a financing statement covering the deposit accounts on which Full Throttle levied. The record contains no such evidence.

■ If the law of California governs perfection of Wachovia Capital's security interest in the deposit accounts on which Full Throttle levied, then "the office in which to file a financing statement" is "[t]he office of the Secretary of State" of California. (§ 9501, subd. (a)(2).) The law of California governs perfection of a security interest in a deposit account if the "local law of [the] bank's jurisdiction" is California law. (§ 9304, subd. (a).)

The record contains no evidence of the jurisdiction of the bank that holds the deposit accounts on which Full Throttle levied.[4] (See § 9304, subd. (b) [stating the rules for determining a bank's jurisdiction].) The record therefore contains no evidence that Wachovia Capital properly filed a financing statement covering the deposit accounts on which Full Throttle levied—the evidence shows that Wachovia Capital filed financing statements with the Delaware Department of State, but the record contains no evidence that the jurisdiction of the bank that holds the deposit accounts on which Full Throttle levied is Delaware.

In sum, the record contains no evidence that Wachovia Capital met either of the alternative requirements for showing that its security interest was not subordinated to Full Throttle's attachment lien.

Wachovia Capital's respondent's brief contains no arguments to the contrary. The brief merely lists the evidence introduced by Wachovia Capital— namely, the loan agreement, the control agreements, and the Uniform Commercial Code financing statements—and asserts, without explanation, that it is sufficient. This highly technical area of the law is governed by an intricate network of statutes collected in division 9 of the California Uniform Commercial Code. But the respondent's brief does not cite, quote, or otherwise refer to a single provision of the California Uniform Commercial Code.

For all of the foregoing reasons, we conclude that the trial court's order granting Wachovia Capital's application for release of levied property is not supported by substantial evidence and must therefore be reversed.[5]

---

[4] We note that the control agreements state that the deposit accounts that they govern are located in California and that California law applies.

[5] We note that the provision in the trial court's order stating that Full Throttle "is not entitled to levy on any property" listed in the Uniform Commercial Code financing statements would have to be reversed even if we were to affirm as to the deposit accounts on which Full Throttle in fact levied. The record contains no evidence that Wachovia Capital's security interest in all of the property listed in the Uniform Commercial Code financing statements has priority over all attachment liens that Full Throttle has obtained or might obtain.

## DISPOSITION

The superior court's September 22, 2008, order granting Wachovia Capital's application for release of levied property is reversed, and the superior court is directed to enter a new and different order denying the application without prejudice. Appellant shall recover its costs of appeal.

Mallano, P. J., and Johnson, J., concurred.

On February 8, 2010, the opinion was modified to read as printed above.